# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-157V
**Filed: December 19, 2014**

```
* * * * * * * * * * * * * *      *
BRIAN N GOLDSWORTHY,             *
                                 *
          Petitioner,            *
                                 *
v.                               *
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
          Respondent.            *
                                 *
* * * * * * * * * * * * * *      *
```

UNPUBLISHED

Special Master Gowen

Joint Stipulation on Damages and
Attorneys' Fees and Costs
Influenza ("Flu") Vaccine;
Myelitis;

Peter J. Sarda, Creech Law Firm, Raleigh, NC, for petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On February 27, 2014, Brian Goldsworthy ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]   42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that, as a result of receiving an influenza ("flu") vaccine on September 26, 2011, he developed myelitis. Petition at ¶¶ 2, 14. Further, petitioner alleged that he experienced residual effects of his injury for more than six months. Id. at ¶ 18.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 13, 2014, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the flu vaccination caused petitioner's alleged myelitis or any other injury or current disabilities. Stipulation at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties also stipulate to an award of attorneys' fees and costs in the joint stipulation filed on November 13, 2014. The parties agree to a total award of attorneys' fees and costs in the amount of $12,186.00. In accordance with General Order #9, petitioner represents that he personally incurred costs related to this proceeding in the amount of $400.00. See General Order #9 Statement, filed Dec. 12, 2014. The undersigned finds the stipulation for fees and costs reasonable and adopts it as the decision of the Court.

An award should be made as follows:

**A lump sum of $170,000.00, in the form of a check payable to petitioner, Brian N. Goldsworthy. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

**A lump sum of $12,186.00, in the form of a check jointly payable to petitioner and to petitioner's attorney, Peter J. Sarda, pursuant to 42 U.S.C. § 300 aa-15(e), for attorneys' fees and costs.**

**A check payable to petitioner only in the amount of $400.00 as reimbursement for costs personally expended in pursuit of this claim.**

The undersigned approves the requested amount for petitioner's compensation and attorneys' fees and costs. Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ **Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BRIAN N. GOLDSWORTHY,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>Respondent. | )<br>)<br>)<br>)<br>)  **No. 14-157V**<br>)  **Special Master Gowen**<br>)  **ECF**<br>)<br>)<br>)<br>) |

STIPULATION

The parties hereby stipulate to the following matters:

1. Brian N. Goldsworthy, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received his flu immunization on September 26, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused his alleged myelitis.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner's alleged myelitis, any other injury, or his current disabilities.

1

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a.      A lump sum of $170,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

b.      A lump sum of $12,586.00 in the form of a check jointly payable to petitioner and petitioner's attorney, Peter J. Sarda, Creech Law Firm, P.A., 3130 Fairhill Drive, Suite 108, Raleigh, NC, 27612, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).

9. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a

strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 26, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about April 25, 2014, in the United States Court of Federal Claims as petition No. 14-157V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act

3

or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that flu vaccine caused petitioner's alleged myelitis, any other injury, or his current disabilities.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

4

Respectfully submitted,

PETITIONER:

BRIAN N. GOLDSWORTHY

ATTORNEY OF RECORD FOR
PETITIONER:

PETER J. SARDA, ESQ.
Creech Law Firm, P.A.
3130 Fairhill Drive, Suite 108
Raleigh, NC 27612
Tel: (919) 787-7766

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

MELISSA A. HOUSTON, M.D., M.P.H.
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

DATE: 11 - 13 - 14

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

Vincent J. Matanoski
by Rutans

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138

5

# In the United States Court of Federal Claims

BRIAN N. GOLDSWORTHY )
)                      Special Master Gowen
Petitioner, )
)
v. )                                 No. 1:14 – vv 00157
)
KATHLEEN SEBELIUS, Secretary of )
Health and Human Services, )
)
Respondent. )

---

## GENERAL ORDER #9 STATEMENT

Petitioner states that, other than the $400 filing fee paid with the Petition, Petitioner

has not incurred any fees or costs related to the prosecution of this Petition.

This the _18_ day of November, 2014.

_Brian N. Goldsworthy_ (signature)
Brian N. Goldsworthy

CREECH LAW FIRM, P.A.

/S/    Peter J. Sarda
N.C. Bar # 7300
Attorney for Petitioner
3130 Fairhill Drive, Suite 108
Raleigh, NC 27612
Telephone: 919-787-7766
Telefax:    919-787-7793
Email: peter@creechlaw.com